Houck, J.
This case is here on error from the common pleas court of Perry county. The basis of the suit is to recover ithe sum of $220, with interest at six per cent., from October 10, 1918, which sum is alleged to be due and owing on four promissory notes executed by the defendant and made payable to the plaintiff.
*379 The record in this case, as appears from the journal entry in the common pleas court, entering judgment against the plaintiff and dismissing its petition, reads as follows:
"This day the attention of the court being called to the fact that plaintiff’s petition contains four causes of action and that each of said causes of action are less than the sum of $100, the court finds that there is no jurisdiction in this court to hear and determine the matters set up in said petition, and the court therefore dismisses plaintiff’s petition at costs of plaintiff and judgment is rendered against plaintiff for costs and execution is awarded against said plaintiff.”
The question here presented is: Did the trial judge err in dismissing plaintiff’s petition? An inspection of the petition discloses the fact that but one cause of action appears therein, and not four. Tn other words the four notes are set forth in one cause of action and a judgment prayed for in the sum of $220, with interest.
No motion was filed by the defendant to make the petition more definite or certain, and we further find that no motion was filed requiring plaintiff to separately state and number its causes of action, if more than one was claimed.
Therefore the question presented by >the record for determination by this court is: Did the common pleas court have jurisdiction to hear and determine the matters set up in the petition?
Section 11215, General Code, provides:
"The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace * * _ V ’
*380 It will be observed that by tbe provisions of this section of the General Code the common pleas court shall have original jurisdiction in all civil cases where the sum in dispute exceeds $100, which sum is the limit of the exclusive jurisdiction of a justice of the peace.
Section 11306, General Code, provides :
“The plaintiff may unite sevéral causes of action in the same petition, whether they are legal or equitable, or both-, when they are included in any of the following classes:
“1. The same transaction;
“2. Transactions connected with the same sub7 ject of action;” etc.
As has already been stated,, no motion having been filed to require plaintiff to Separately state and number its causes of action, or to make its petition more definite and certain, it therefore appears on the face of the^ petition that there is but one cause of action-arid further there is nothing in the petition to affirmatively show or disclose that the Several notes set orit in said cause of action do not arise out of the sanie transaction; or that they are not connected with the same subject of action, and therefore as against a demurrer to said petition we are bound to hold and do hold that the petition is good.
We think the rule is well settled in Ohio that the amount claimed in the petition determines the jurisdiction of the court of eorinrion pleas. ' .
In the case of Brumaugh v. Worley, 6 Ohio St., page 597, Judge Swan, speaking for the court, says:
' ‘‘The jurisdiction of the court of common pleas depends upon the-amount claimed in the' petition. If that be less thari one- hundred dollars :the court has no jurisdiction.”
*381 The rule in Ohio is well settled that pleadings are to he liberally construed, and our supreme court has so stated with reference to the statutory provisions governing this case, as appears in the case of C., S. & C. Rd. Co. v. Cook, 37 Ohio St., 265, where the judge announcing the opinion stated at page 272:
‘ ‘ There is no doubt that this section should be construed liberally for the purpose of preventing multiplicity of actions.”
It follows from what we have already said that we are of the opinion that the petition in question contained but one cause of action, that the amount sought to be recovered, $220, with interest, is clearly within the jurisdiction of the common pleas court, and that the judgment of the court in dismissing the petition was erroneous and prejudicial to the rights of the plaintiff in error.
The judgment of the common pleas court is re versed and the cause remanded to that court for further proceedings according to law.
Judgment reversed, and cause remanded.
Shields and Patterson, JJ., concur.